MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Fabian Nava,  ) No. CV 1-08-1341-CKJ
            )
  Plaintiff,  ) **ORDER**
            )
vs.         )
            )
A. Dueñas, et al.,  )
            )
  Defendants.  )
_____)

Plaintiff Fabian Nava is confined in the Pleasant Valley State Prison in Coalinga, California. In an October 9, 2009 Order, the Court dismissed Plaintiff's civil rights Complaint because he had failed to state a claim and gave him 30 days to file an amended complaint that cured the deficiencies identified in the Order. In a November 12, 2009 Order, the Court granted Plaintiff's request for a 30-day extension of time to file an amended complaint.

On December 10, 2009, Plaintiff filed a First Amended Complaint. In a February 5, 2010 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On February 25, 2010, Plaintiff filed a Second Amended Complaint (Doc. #13). The Court will dismiss the Second Amended Complaint and this action.

. . . .

1 **I.      Statutory Screening of Prisoner Complaints**

2   The Court is required to screen complaints brought by prisoners seeking relief against
3 a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.
4 § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
5 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
6 be granted, or that seek monetary relief from a defendant who is immune from such relief.
7 28 U.S.C. § 1915A(b)(1), (2).

8   A pleading must contain a "short and plain statement of the claim *showing* that the
9 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not
10 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
11 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
12 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
13 statements, do not suffice." Id.

14   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
15 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
16 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
17 that allows the court to draw the reasonable inference that the defendant is liable for the
18 misconduct alleged." Id.  "Determining whether a complaint states a plausible claim for
19 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
20 experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual
21 allegations may be consistent with a constitutional claim, a court must assess whether there
22 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

23   If the Court determines that a pleading could be cured by the allegation of other facts,
24 a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
25 action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court
26 should not, however, advise the litigant how to cure the defects.  This type of advice "would
27 undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
28 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

required to inform a litigant of deficiencies). Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim, without leave to amend.

**II.     Second Amended Complaint**

In his six-count Second Amended Complaint, Plaintiff sues the following individuals at the Pleasant Valley State Prison: Doctors A. Dueñas, Kocsis-Diaz, and M. Costillo; and medical staff members John and/or Jane Does 1-50.

After again providing the Court with a lengthy recitation of his medical conditions and treatment from January 2006 to January 2007,[1] Plaintiff alleges:

(1) "Defendants have violated Plaintiff's rights as guaranteed by the [E]ighth [A]mendment to the U.S. Constitution. The acts and or omission by medical personnel is deliberately indifferent to a prisoner's serious medical need when they deny, delay, or fail to provide proper diagnosis and treatment causing serious injury."

(2) "Defendants have violated Plaintiff's [E]ighth [A]mendment rights when they engaged in a policy to deny proper treatment, by a failure of duty to use due care to run the proper tests for diagnosis."

(3) "Defendants violated the Plaintiff's [F]ourteenth [A]mendment right to equal protection and proper medical treatment."

(4) "Defendants['] deliberate indifference to serious medical needs of a prisoner constitutes unnecessary and wanton infliction of pain proscribed by [E]ighth [A]mendment protections whether ind[i]fference is manifested by prison administrators or doctors, or intentionally interfering with treatment once prescribed, regardless of how evidenced by the d[e]liberate indifference to serious illness or injuries state cause of action under civil rights statute."

(5) "Defenda[nt]s have subjected the plaintiff to cruel and unusual punishment in violation of the [E]ighth [A]mendment, made applicable to the state by the [F]ourteenth [A]mendment. Defendants 1-50

---

[1] Plaintiff first copied the entirety of the lengthy factual recitation from his First Amended Complaint, and then provided an additional two pages of assertions. The Court notes that Plaintiff omitted page 3G from the factual recitation in his First Amended Complaint. However, the presence or absence of page 3G has no bearing on the Court's ruling in this Order.

- 3 -

> Maliciously andسadistically deprived the plaintiff of his [E]ighth and [F]ourteenth [A]mendment rights by denying Plaintiff his basic need for correct diagnosis and treatment of the illness."
>
> (6) "Defendants 1-50 maliciously deprived the Plaintiff of proper treatment causing long term mental and health problems, a deliberate indifference to humane conditions during illness and a denial of the basic due process guarantee of the constit[utio]n in both State and Federal."

In his Request for Relief, Plaintiff seeks declaratory and injunctive relief, monetary damages, his costs of suit, attorney's fees, and a jury trial.

## III. Failure to State a Claim

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton

- 4 -

infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. Medical malpractice or negligence is insufficient to establish an Eighth Amendment violation. Toguchi, 391 F.3d at 1060. Thus, mere negligence in diagnosing or treating a condition does not violate the Eighth Amendment. Id. at 1057. Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 429 F.3d at 1096. A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06. Moreover, "[a] difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

As stated in the Court's February 5, 2010 Order, the vast majority of Plaintiff's lengthy factual recitation is unrelated to the conduct of any specific Defendant and, therefore, is insufficient to state a claim against the named Defendants. See Rizzo, 423 U.S. at 371-72, 377. Plaintiff's allegations demonstrate that he believes a different course of diagnosis and

1  treatment would have been better.  This difference of opinion, however, is insufficient to
2  state a claim of deliberate indifference.  <u>See</u> <u>Sanchez</u>, 891 F.2d at 242.  Plaintiff's allegations
3  suggest, at best, negligence or medical malpractice, both of which are also insufficient to
4  state a deliberate indifference claim.  <u>See</u> <u>Toguchi</u>, 391 F.3d at 1060.  Moreover, in his six
5  counts, Plaintiff has done nothing more than present insufficient "[t]hreadbare recitals of the
6  elements of a cause of action, supported by mere conclusory statements."  <u>Iqbal</u>, 129 S. Ct.
7  at 1949 (2009).

       In his Request for Relief, Plaintiff requests that the Court exercise its supplemental jurisdiction over Plaintiff's state law claims.  Plaintiff may be attempting to assert a state law claim when he states in Count Six that the Defendants denied "the basic due process guarantee of the constit[utio]n in both **State** and Federal." (Emphasis added.).  Because the Court is dismissing Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction over the state law claim and will dismiss it without prejudice.  <u>See</u> <u>Gini v. Las Vegas Metro. Police Dep't</u>, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).  However, the Court will dismiss Plaintiff's federal claims with prejudice.

## IV.  **Dismissal without Leave to Amend**

       Because Plaintiff has failed to state a claim, the Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal."  <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint.  <u>Sisseton-Wahpeton Sioux Tribe v. United States</u>, 90 F.3d 351, 355 (9th Cir. 1996).  Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend.  <u>Moore</u>, 885 F.2d at 538.

       Plaintiff has had three opportunities to craft a viable complaint.  His decision to file a second amended complaint virtually identical to his first amended complaint demonstrates

- 6 -

that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. #13) is **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 22nd day of March, 2010.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge